FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 05 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Law Office of Kenneth V. Frederick, P.S.
1318 E. 19th Ave.
Spokane, WA 99203
(509) 536 7725
Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANA HILL, a single woman, LINDSAY PERSON, a single woman and ANDREW ATKINS, a single man<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH V. FREDERICK, P.S., a Washington corporation, KENNETH V. FREDERICK and JANE DOE FREDERICK, as individuals and the marital community comprised thereof.<br><br>Defendants. | ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS<br><br>No. CV-09-248-LRS |

1.   ANSWER OF DEFENDANTS

Come now the Defendants, and answer the Plaintiffs' Complaint as follows:

I.

1.1.   Defendants admit that an action was brought against Plaintiffs as stated in Section I of the Complaint, but deny other allegations contained therein,

and deny all alleged violations, and actual and statutory damages as stated, and deny the stated allegations of any abusive, deceptive or unfair practices.

II.

2.1. Defendants admit that a valid action for violations of 15 U.S.C. sec 1692 could lie in this Court if violations occurred, and that Defendant, Kenneth V. Frederick, P.S. conducts business in the Eastern District of Washington State, but denies any merit in the subject action and denies that any conduct occurred that would place an action within the jurisdiction of this Court, as alleged, and that the proper jurisdiction, if violations occurred, should be in a State Court of Washington State.

III.

3.1. Defendants are without knowledge sufficient to form a belief as to the truth of, and there deny, the allegations set forth in the first paragraph of Section III of the Complaint, except that Plaintiff resided in Spokane County at the time of occupation of a lot in Shenandoah Forest Mobile Home Park.

3.2. Defendants are without knowledge sufficient to form a belief as to the truth of, and there deny, the allegations set forth in the first paragraph of Section III of the Complaint, except that Plaintiff resided in Spokane County at the time of occupation of a lot in Shenandoah Forest Mobile Home Park.

3.3. Admit.

3.4. Deny.

3.5. Admit Plaintiff's defaults in rent and other charges, fees, etc. constituted debts.

3.6. Admit in part.

3.7. Admit in part.

3.8. Defendants admit that Defendant's business generally includes the enforcement of unpaid rent owed by some tenants, that telephone and mail are sometimes utilized toward such purpose, but deny that such was used in relation to the allegations contained in Plaintiffs' Complaint, and that no violations of any kind were committed by Defendants in relation thereto.

3.9. See response to 3.5.

3.10. See response to 3.6.

3.11. See response to 3.7.

3.12. See response to 3.8.

3.13. Deny.

### IV.

4.1. Admit that Lindsay Person and Andrew Atkins were not initially named on the lease as tenants, but later moved onto the premises without official notice, consent or authorization, and therefore became occupants as defined under the Mobile Home Landlord Tenant Act of Washington State, and therefore subject to said statute and laws that were applicable to named tenants.

4.2. Admit.

4.3. Admit.

4.4. Defendants are without knowledge sufficient to form a belief as to the truth of, and there deny, the allegations set forth in the fourth paragraph of Section IV of the Complaint, except that Shenandoah Investments, and then Defendant, became aware that said persons were residing in the Park without notice and having not submitted a formal application for tenancy or occupation.

4.5. Deny.

4.6. Deny.

4.7. Admit in part. Said notice was served pursuant to RCW 59.18.

4.8. Admit in part, Deny in part.

4.9. Deny.

4.10. Admit in part.

4.11. Admit in part.

4.12. Admit in part.

### V.

5.1. Deny.

5.2. Admit in part.

5.3. Deny.

5.4. Deny.

5.5. Deny.

### VI.

6.1. Deny.

6.2. Admit in part.

6.3. Admit in part.

6.4. Deny.

### VII.

7.1. Deny.

7.2. Deny.

7.3. Deny.

### VIII.

8.a. Deny.

8.b. Deny.

8.c. Deny.

8.d. Deny.

8.e. Deny.

8.f. Deny.

Wherefore Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and Defendants be awarded Judgment against Plaintiffs, together with Defendants' attorney fees, costs, expenses, sanctions, penalties and further just and proper relief.

### 2. AFFIRMATIVE DEFENSES

9.1. The Fair Debt Collection Practices Act is wholly inapplicable to this action in several respects, which will be proven at trial or hearing.

9.2. To the extent that Plaintiff failed to properly mitigate any damages and injuries alleged as required by law, they are barred from recovering any such alleged damages.

9.3. The sole proximate cause of alleged damages, if any, are the result of acts and conduct on Plaintiffs' part, and of other third parties.

9.4. Plaintiffs' claims against Defendants are barred by doctrines of waiver, estoppel and accord and satisfaction.

9.5. Plaintiffs commenced the action in the wrong jurisdiction and venue.

ANSWER / COUNTERCLAIM; HILL V. FREDERICK    -4-    KENNETH V. FREDERICK P.S.
*Attorney at Law*
1318 E. 19th Ave.
Spokane, WA 99203

(509) 536 7725

9.6. Plaintiffs' have named improper parties in their action who are not parties of interest, and whom should be dismissed.

9.7. Defendants reserve the right to amend their Answer to include any changes, further denials, affirmative defenses and counterclaims in the interests of justice that become known hereafter.

### 3. COUNTERCLAIM

10.1. Plaintiffs' action is wholly without merit and an abuse of the Fair Debt Collection Practices Act, and should therefore be dismissed with prejudice.

10.2. Plaintiffs' action was brought in bad faith and for purposes of harassment, and therefore, Defendants should be awarded attorney fees and costs under the Act to be determined at the time of hearing or trial.

10.3. Plaintiffs' action is frivolous as defined by law, and therefore, all penalties, sanctions and other awards thereby allowed should be awarded to Defendants.

10.4. Plaintiffs' attorneys have placed their signatures to the Complaint and other documents of this case in violation of FRCP 11, and therefore should incur sanctions, penalties and be ordered to pay all fees and costs to Defendants allowed under FRCP 11.

10.5. Defendant should be awarded all fees, costs and expenses allowed by law to the prevailing party under the circumstances of this action.

10.6. Plaintiffs and Plaintiffs' attorneys should incur penalties, sanctions and other amounts allowed by law, and ordered to pay all such amounts to Defendants.

Wherefore Defendants pray for Judgment against Plaintiffs and Plaintiffs' Attorneys for all damages, costs, expenses and fees caused to Defendants by Plaintiffs' action, including Defendants' attorney fees, costs, and expenses to defend the action, and sanctions, penalties allowed by law, and further just and proper relief.

DATED this 2d Day of October, 2009.

_[signature]_

Kenneth V. Frederick; WSBA #: 16960
Attorney for Defendants

ANSWER / COUNTERCLAIM; HILL V. FREDERICK   -5-   KENNETH V. FREDERICK P.S.
*Attorney at Law*
1318 E. 19th Ave.
Spokane, WA 99203

(509) 536 7725